## 51048. VANGUARD PROPERTIES DEVELOPMENT CORPORATION v. MURPHY et al.

MARSHALL, Judge.

This is an appeal from a suit upon a promissory note. The case was tried before a judge without the intervention of a jury. The defendant Murphy was successful in his defense of a total lack of consideration and appellant, Vanguard Properties Development Corporation, plaintiff below, brings this appeal from the order of the trial court granting verdict and judgment for defendant, appellee Murphy, and dismissing appellant's suit.

Appellant, Vanguard Properties Development Corporation, is a real estate developer primarily engaged in the construction business. On July 31, 1973, appellant obtained a conventional advance commitment for the exclusive use of $1,000,000 in mortgage money from a mortgage banker. The commitment was for a period of 10 months. In payment for this commitment, appellant Vanguard paid the normal fee of 1% or $10,000. Appellant dealt directly with appellee Murphy who at the time was an agent and employee of the mortgage banker. At appellant's insistence, the commitment agreement contained a provision allowing appellant to assign the unused portion of the commitment to another "builder," but the mortgage banker retained the power

to approve or disapprove any prospective builder. The theory (and practical application) of the commitment was that Vanguard would find a builder who wished to borrow building funds at reasonable interest rates. Vanguard would bring this builder to the mortgage banker and if approval was obtained, the banker extended the funds but at favorable interest rates fixed by Vanguard's July, 1973, commitment.

Subsequent to the issuance of this commitment, appellee Murphy terminated his connection with the mortgage banker and formed Commitment Associates, Incorporated, a mortgage brokerage business. Vanguard apparently already had a $2,000,000 commitment from another mortgage banker at more favorable interest rates. For whatever reason, Vanguard found itself with a surplus of building funds and unable to find builders willing or interested to utilize all or any part of the $1,000,000 commitment. Vanguard then approached Murphy in his business as a mortgage broker and sought the assistance of Commitment Associates in locating interested builders. Murphy was successful in locating two builders who utilized $410,000, leaving a surplus of $590,000 of Vanguard's $1,000,000 commitment. Thereafter, Murphy also began to have difficulty in finding interested builders. In January, 1974, Murphy signed an agreement with Vanguard accepting by assignment the remaining $590,000 of Vanguard's commitment. Murphy paid the standard 1% for the commitment but paid the fee in the form of a promissory note for $5,900. This note was due on May 1, 1974.

Murphy obtained several builders and around the end of February, 1974, brought loan contracts to the mortgage banker, Murphy's old employer. The mortgage banker relied upon that provision of the original commitment which allowed Vanguard to assign to another "builder." Murphy was a mortgage broker and not a builder, therefore the mortgage banker would honor no further contracts. The entire $590,000 was assigned to Murphy so far as the mortgage banker was concerned, and there were no remaining funds to be allocated under the commitment. From the beginning of the assignment, therefore, Murphy was unable to utilize

any of the funds. The evidence tends to show that both Murphy and the mortgage banker notified Vanguard of this impediment but Murphy never undertook formally to rescind the agreement. Neither Murphy nor Vanguard consider the refusal of the mortgage banker to honor Murphy's offered contract as constituting a fraud but each treated the faulty assignment as a mutual mistake of the parties. Murphy contended successfully below that there was a total failure of consideration. Vanguard in effect admits that Murphy got nothing of value but contended below and before this court that after the assignment, it (Vanguard) relied on Commitment Associates (Murphy) to extinguish the commitment and the promissory note, paying off the note as funds were utilized. Vanguard, therefore, alleges it ceased all efforts, to its detriment, to obtain interested builders after the assignment. Vanguard maintains that detriment to the promisee of a contract in reliance thereon constitutes adequate consideration. *Held:*

There is no question of the general rule of law that where there is a total failure of the consideration and a defendant has derived no benefit from a contract, such total failure of consideration may be shown in bar of action on the contract. *Morrow v. Hanson,* 9 Ga. 398, 399; *A. D. L. Sales Co. v. Gailey,* 48 Ga. App. 798 (173 SE 734). It is equally well established that any benefit accruing to the promisor, or any loss, trouble, or disadvantage undergone by the promisee, is a sufficient consideration, in the eyes of the law, to sustain a cause of action upon the breach of an agreement. Code § 20-302; *Tompkins v. Philips,* 12 Ga. 52; *Whitley v. Powell,* 47 Ga. App. 105, 106 (169 SE 766).

The facts are not in dispute that the refusal of the mortgage banker to accept any business from Murphy after the assignment under the original commitment because the assignment was not to a builder allowed nothing of value to pass to Murphy under the assignment. Thus, Murphy could raise as a defense the total lack of consideration unless Vanguard suffered detriment or loss in reliance upon Murphy's promise to assume responsibility for the commitment. Though Vanguard says it ceased all further efforts to obtain builders after

the assignment to Murphy, the evidence shows that the reason for the assignment was that Vanguard was overcommitted because mortgage business in 1973 and 1974 had "dried up." Murphy also was unable to find builders acceptable to the mortgage banker after he assumed the commitment. In short, there is no evidence in this case that Vanguard suffered any detriment or loss as a result of its reliance upon Murphy to use up the commitment. While cessation of its own efforts conceivably might have caused it to lose customers, there is no evidence that such loss resulted. Under the state of the evidence, we must and do conclude that the trial court did not err in determining there was a total lack of consideration for the appellee's note based upon the nugatory assignment and that appellant suffered no loss as a result of that assignment.

We agree with the position taken by appellee that because there was no valid agreement from the inception, in the absence of consideration, there was no affirmative duty on Murphy's part to rescind the agreement. There being no valid agreement, there was nothing to rescind. The cases cited by appellee in his brief are all concerned with valuable property rights where rescission was necessary to restore the parties to their original condition. *Tuttle v. Stovall,* 134 Ga. 325 (67 SE 806). Such was not true in this case. Nothing of value was passed and nothing existed to be restored.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 16, 1975 — DECIDED NOVEMBER 12, 1975.

*McLarty & Aiken, Paul M. McLarty, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Paul Oliver,* for appellees.