## 64243. HARNDEN v. ALPHA-ATLANTA CONSTRUCTION, INC.

McMurray, Presiding Judge.

Stuart Harnden executed three demand notes in favor of Alpha-Atlanta Construction, Inc. for value received with interest at the rate of 4% per annum. The first note was for $2,000 dated November 4, 1976; the second was for $16,300, dated December 23, 1976; and the third note was for $4,583.52, dated September 30, 1977, and showing in parenthesis thereon 12 payments at $581.96 each.

Alpha-Atlanta Construction, Inc. brought this action in four counts against Stuart Harnden based upon the three notes, attorney fees, and for use of Alpha-Atlanta's credit cards, obtaining service by use of the long arm statute and alleging the defendant was subject to the jurisdiction of the court by virtue of same.

The defendant answered admitting jurisdiction but filed a number of affirmative defenses such as failure of consideration, a separate agreement barring the claims to collect, estoppel, accord and satisfaction, release and waiver. The answer otherwise denied the claim except that defendant admitted he received $2,000 for business expenses and executed the first note "solely to appear as an asset on the balance sheet of the Plaintiff corporation to enhance the Plaintiff's worth for the purpose of obtaining bonding." As to the

second note ($16,300) he contends this note was paid to him "as a bonus which was due and owing from Rouse International, a corporation affiliated with the Plaintiff." As to the third note, he contends he was an employee of the plaintiff supervising construction in several distant places and "the Plaintiff agreed to pay for Defendant's motor home which he resided in during the construction supervised for Plaintiff," and the note was "to be carried as an asset of the Plaintiff for bonding purposes, but that it was never intended that said Note would be paid by Defendant." The defendant denied, however, plaintiff's allegations that the notes were executed for loans to the defendant during his employment as alleged therein.

The plaintiff moved for summary judgment based upon an affidavit of an employee of "Rouse Construction Company, Inc.," deposing that "Alpha-Atlanta Construction, Inc. was a subsidiary" of same and that he caused the issuance of checks or had knowledge of the issuance of the checks in the amounts of the notes for which the defendant executed the demand notes in the same amount, plus interest and that defendant negotiated those checks; the notes were unconditional and there was no representation to the defendant that payment upon these notes was to be subject to any conditions and the face value of these notes accurately reflect the consideration paid defendant or amounts paid on his behalf for his execution of the foregoing notes.

The defendant, in response, filed his affidavit setting forth the connection between "Rouse International, Inc.," his employer Alpha-Atlanta and others, contending that Alpha-Atlanta Construction, Inc. was created to perform work in Georgia under its license with Rouse based upon a joint venture agreement with Rouse and that Rouse owed a bonus to him and that he also had a federal tax lien against him in the amount of $16,000. Consequently, the first check was a payment by Rouse through Alpha-Atlanta to him taking a note for same "since Alpha could show a note receivable as an asset on its financial statement without the high salary expense to improve its balance sheet for the purposes of obtaining bonding . . . and that it would only be payable if Alpha-Atlanta made a profit." This affidavit implies that he used $16,000 of this amount to remove the tax lien. As to the $2,000 note which he executed in favor of Alpha-Atlanta this amount was for "high travel and living expenses . . . during this initial stage of the Joint Venture . . . as an employee loan by Alpha-Atlanta to improve its asset position, but that this loan would only be paid if Alpha-Atlanta made profits." The remaining note was executed when it was decided that he would be "reimbursed for the cost of his motor home by Alpha-Atlanta as a payment for expenses incurred by

him in supervising . . . two construction jobs [and] to enhance the financial statement of Alpha-Atlanta for bonding purposes, it was agreed that a Note for this money . . . would be executed by Affiant, but that the Note would only be paid if Alpha-Atlanta made a profit." He also deposed that Alpha-Atlanta was not a subsidiary of Rouse, but that he and another were the sole shareholders of same. The remaining portion of his affidavit was concerned with the creation of the corporation (Alpha-Atlanta) and that "he received no consideration for the notes sued upon by the Plaintiff herein as he was already owed the sums that were paid to him and the notes were signed to show the monies paid as a loan rather than a bonus and expense reimbursement so that Alpha-Atlanta's expenses would be lower and its assets higher for bonding purposes" and "to his knowledge Alpha-Atlanta did not make a profit." Attached to the affidavit was an agreement by Rouse International, Inc. and Alpha-Atlanta, with reference to its creation as a licensee, executed by the two shareholders of Alpha-Atlanta and by Rouse International, Inc. Also attached was a joint venture agreement between Alpha-Atlanta and Rouse International, Inc., executed by Alpha-Atlanta Construction, Inc. by the president, and the defendant, as vice president, and by the vice president of Rouse International, Inc. A stock certificate was also attached showing the number of shares issued to the defendant signed by its president, the shares being in the name Alpha-South Construction Corporation, now Alpha-Atlanta Construction, Inc., effective "8/24/76" issued on June 30, 1977. Also attached was a shareholder's agreement between Alpha-Atlanta Construction, Inc. and the two shareholders (defendant and another individual).

Defendant then sought to file a counterclaim against Alpha-Atlanta Construction, Inc. and its president as defendants with motion for leave of the court to set up the omitted counterclaim and add the defendant president, due to oversight, inadvertence and lack of knowledge as to the book value of the stock and failure to remember "about the buy out" under the shareholder's agreement.

After discovery and the further affidavit of Alpha's president (the other shareholder) with reference to the interest of the two shareholders and other information with reference to the "buy out" agreement the motion for summary judgment of Alpha-Atlanta came on for a hearing. The motion was granted as to the three notes plus the interest, and judgment was entered accordingly in the aggregate amount of $22,883.52 principal, plus $4,531.58 interest, and the defendant's motion for leave to set up the defendant's counterclaim and add a party defendant by amendment was overruled and denied. Defendant appeals, contending there were numerous conflicts in

evidence as to material facts such as the failure of consideration of the notes and whether the notes were illegal and in violation of public policy thereby rendering them unenforceable. *Held:*

The written promissory notes payable on demand were unconditional contracts of the defendant to pay the plaintiff according to the tenor of the instruments. See Code Ann. § 109A-3—413 (1) (Ga. L. 1962, pp. 156, 261); *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (1) (218 SE2d 677). As such notes contained unconditional promises, parol evidence may not be used to inject conditions on the obligations contained therein which are not apparent on the face of the instrument. *Cairo Banking Co. v. Hall,* 42 Ga. App. 785 (157 SE 346); *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (1), supra. However, parol evidence is admissible to show there has been a want or failure of consideration. *Purcell v. Armour Packing Co.,* 4 Ga. App. 253 (2) (61 SE 138); *Hall v. Westmoreland, Hall & Bryan,* 123 Ga. App. 809, 811 (182 SE2d 539). Each of the notes in question recites that it was given for "value received." The phrase "value received" has been held to be ambiguous and subject to explanation by parol evidence. *Building Assoc., Inc. v. Crider,* 141 Ga. App. 825, 827 (3) (234 SE2d 666). Here the defendant has submitted evidence in opposition to plaintiff's motion for summary judgment stating that "he received no consideration for the notes sued upon by the plaintiff."

The plaintiff has presented evidence of checks payable to and negotiated by the defendant in amounts equal to the principal sums of the notes which plaintiff seeks to enforce. The correspondence as to the amounts involved and the time at which these instruments are dated does create an inference that they may have been given in consideration of each other. However, for summary judgment purposes, we may not disregard defendant's affidavit stating that the checks paid to him represented amounts he was owed for personal services and for the reimbursement of expenses. Defendant explains that the purpose of these notes was to misrepresent the financial status of plaintiff by permitting plaintiff to show these notes as assets when there was no intention that defendant be unconditionally obligated to pay these sums. The factual contest is further confused by defendant's concession that should Alpha-Atlanta be profitable the notes would have been payable and by our rule of law prohibiting defendant proving by parol evidence the conditions placed on his obligation to pay the notes in question. See in this regard *Williams v. Universal Decorators, Inc.,* 161 Ga. App. 165, 166 (288 SE2d 115). The essential point is that defendant's evidence is not contradictory, the confusion arises from the inadmissibility of a portion of defendant's evidence as to the conditional nature of his obligation. Compare

*Chambers v. C. & S. Nat. Bank,* 242 Ga. 498, 502 (1) (249 SE2d 214). There is presented sufficient admissibile evidence from which a jury might conclude the defendant received no consideration for the notes in question.

We note that there is also evidence from which a jury might conclude that the notes resulted from a fraudulent scheme to misrepresent the financial status of Alpha-Atlanta so as to facilitate Alpha-Atlanta's obtaining necessary bonding in connection with public works projects. If a jury were to conclude that the notes in question were created for the purpose of making illegal mis-representations to third parties such a contract would be against public policy and it would not be enforceable. See Code Ann. § 20-504 (Ga. L. 1970, p. 441); *Adams v. Coffee,* 59 Ga. App. 528, 529 (1) (2 SE2d 155).

Depending upon which, if any, portions of the defendant's evidence a jury might accept there are those combinations of circumstances presented in the record under which a verdict for defendant would be authorized. Therefore, issues of material fact remain for consideration by a jury and the trial court erred in granting summary judgment in the case sub judice.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 7, 1982.

*Thomas J. Venker,* for appellant.
*Michael E. Utley,* for appellee.