A90A1999. SANTIAGO v. KLOSIK et al.
(404 SE2d 605)

BANKE, Presiding Judge.

The appellant brought the present action seeking to recover for chiropractic services he had allegedly rendered to a former patient, Duncan, in treating her for injuries sustained in an automobile accident. Also named as defendants in the action were the appellees herein, consisting of an attorney who had represented Duncan in connection with a personal injury claim asserted by her in connection with the accident, and that attorney's law firm. Duncan was never served, and the trial court granted summary judgment to the appellees. This appeal followed.

Duncan had executed a written "assignment" in favor of the appellant chiropractor, directing the appellee attorney to pay him such sums as might be due him for services rendered to her, "and to withhold such sums from . . . any settlement, judgment, or verdict . . ."

recovered by her. In addition, Duncan had executed a "doctor's lien" purporting to give the appellant a lien on the proceeds from any such settlement, judgment, or verdict. Subsequently, the appellee attorney asked the appellant for a medical report on Duncan's condition, along with records and bills. In response, the appellant sent him a copy of the lien form signed by Duncan and advised him that he would be required to "sign [it] and send it back to us in order to get the information you request." The appellee attorney complied; however, the appellant never provided the requested medical records and narrative report. The personal injury claim was eventually settled; and the settlement proceeds, less attorney fees and expenses, were disbursed to Duncan by the appellees, without payment of the appellant's bill. *Held*:

1. Relying on *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (396 SE2d 506) (1990), the appellant contends that the appellees had a legal obligation to satisfy his bill out of the proceeds of Duncan's personal injury settlement. In that case, we held that a written assignment of insurance benefits executed by a patient to a health care provider was enforceable by the provider against the patient's no-fault automobile insurance carrier, where the carrier had reimbursed the patient for his medical expenses with knowledge of the assignment. The appellees contend that this holding is not controlling in the present case because the assignment at issue here amounted to an assignment of a right of action for personal injuries, in contravention of OCGA § 44-12-24, rather than a mere assignment of insurance benefits. We disagree. The assignment at issue does not purport to authorize the appellant to bring suit against the tortfeasor to recover for Duncan's injuries but purports only to give him an enforceable interest in any recovery Duncan may obtain as the result of her own pursuit of her personal injury claim.

2. The appellees contend that even if the assignment did not purport to be an assignment of Duncan's personal injury claim, the trial court's ruling was nevertheless correct because they received no consideration for the assignment. "[W]here there is a total failure of the consideration and a defendant has derived no benefit from a contract, such total failure of consideration may be shown in bar of action on the contract." *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519, 521 (221 SE2d 691) (1975). While we recognize that in *Santiago v. Safeway Ins. Co.*, supra, the assignment was held to be enforceable notwithstanding the absence of any consideration between the parties to the litigation, in that situation there existed a contract between the insurance carrier and the patient whereby, for a premium, the carrier assumed an obligation to indemnify the patient for her injuries; and it was the assignment of this "covenant of indemnity" which provided the basis upon which the health care provider

could assert a claim for policy benefits directly against the carrier. Id. 196 Ga. App. at 480. The appellee attorney in the present case had no similar obligation to indemnify or reimburse the plaintiff for her medical expenses but was merely attempting to recover damages on her behalf in his capacity as her legal representative. Any recovery obtained by him in this regard would not, strictly speaking, be "owed" to her by him as an indebtedness but would rather be held in trust by him on her behalf. We hold that under these circumstances, the absence of any consideration flowing to the appellees from the appellant rendered the purported assignment unenforceable, with the result that the trial court did not err in granting the appellees' motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1991 —
REHEARING DENIED MARCH 26, 1991 — 

*Glenville Haldi*, for appellant.
*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., William L. Swank II*, for appellees.