### A98A0972. OCHS v. HOERNER.
#### (510 SE2d 107)

McMURRAY, Presiding Judge.

Plaintiff Ochs filed this action seeking to recover certain funds paid to defendant Hoerner in connection with a multifaceted real estate transaction. Summary judgment was granted to Hoerner on Ochs' claims and that judgment was affirmed by this Court in an unpublished opinion.

A jury trial was then conducted on Hoerner's counterclaim seeking enforcement of a promissory note signed by Ochs. The jury returned a verdict in favor of Hoerner for $100,000, the principal amount of the note, and judgment was entered for this amount plus attorney fees, post-judgment interest, and cost. Ochs appeals and enumerates a number of alleged errors including the failure of the trial court to grant his motion for directed verdict based on the absence of any consideration for the note. *Held*:

We agree that there was no consideration for the note and reverse. Hoerner was the only witness at trial and testified as to putting up a $100,000 certificate of deposit in lieu of a performance bond with the construction lender of a project on which Ochs contracted to construct a building. While the closing on the purchase of the real property on which the building was to be constructed was pending, Hoerner and Ochs, along with others, left to conduct a conference in a parking lot which resulted in a contract for Ochs to purchase real property on Powder Springs Road from Tischer & Associates, Inc., a closely held corporation controlled by Hoerner. Ochs also signed the no-interest demand note in the principal amount of $100,000 and payable on demand to Hoerner upon which the appealed judgment is predicated. Both the sales contract and the note were drafted by Hoerner without the aid of an attorney.

Ochs never closed on the purchase of the property on Powder Springs Road. Hoerner's demands on Ochs for payment of the $100,000 demand note were ignored and then Ochs filed his unsuccessful claims against Hoerner.

Hoerner never paid any funds to Ochs in connection with Ochs' execution of the $100,000 demand note. Hoerner testified that he required the note from Ochs as compensation for deferring the closing on the Powder Springs Road property. However, there is nothing in writing which connects the sales contract for the Powder Springs Road property with the note. The note was not attached to the sales contract and neither document refers to the other.

However, the sales contract does contain a merger clause stating that it "constitutes the sole and entire agreement between parties and no modification hereof shall be binding unless attached hereto and signed by each; and no representations, promises or inducements shall be binding upon either party except as herein stated." Generally, parol evidence is inadmissible to add to, take from, or vary a written contract. Even if otherwise subject to some exception to the general rule, in view of this merger clause, Hoerner's parol evidence is inadmissible to alter the terms of the unambiguous sales contract so that the demand note must be viewed separately. *Choice Hotels Intl. v. Ocmulgee Fields*, 222 Ga. App. 185, 186 (1) (474 SE2d 56); *Great American Builders v. Howard*, 207 Ga. App. 236, 240 (2) (427 SE2d 588).

Any presumption that a promissory note in the hands of the original payee is supported by consideration is subject to rebuttal. And this is the rule even where the note is under seal or recites that it is given "for value received." *Citizens Bank of Blakely v. Hall*, 179 Ga. 662 (177 SE 496). When the note is viewed separately, we find that the recital that it was given "for value received," is an ambiguity which permits the admission of parol evidence regarding the existence of consideration. *Kenerly v. Bryant*, 227 Ga. App. 746, 749 (4) (490 SE2d 454); *Gentile v. Bower*, 222 Ga. App. 736, 739 (1) (477 SE2d 130); *Harnden v. Alpha-Atlanta Constr.*, 164 Ga. App. 685, 688 (297 SE2d 368). The uncontroverted parol evidence shows that Ochs derived no benefit from the note since he received no funds and that any deferral of the marketing of the Powder Springs Road property was no more than he was entitled to under the contemporaneous sales contract. Such a total failure of consideration bars Hoerner's claim predicated on the note. *Santiago v. Klosik*, 199 Ga. App. 276, 277 (2) (404 SE2d 605).

We further note that Hoerner's reliance upon the relatively recent case of *Tyson v. McPhail Properties*, 223 Ga. App. 683, 686 (3) (478 SE2d 467), is misplaced since, unlike in that case, the note in the case sub judice does not contain any specific recital of nominal

consideration which may be deemed sufficient to support a contractual obligation. Ochs' remaining enumerations of error are rendered moot by our resolution of the consideration issue.

*Judgment reversed. Eldridge, J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1998 —
RECONSIDERATION DENIED DECEMBER 11, 1998 ▆▆▆▆▆▆▆

*Barnes, Browning, Tanksley & Casurella, Michael K. Jablonski, John R. Bevis*, for appellant.
*Richelo, Morrissey & Gould, Brian J. Morrissey*, for appellee.