A03A1011. COOPER CHIROPRACTIC HEALTH CLINIC, LLC
v. QUEZADA.
(587 SE2d 392)

PHIPPS, Judge.

Cooper Chiropractic Health Clinic (CCHC) sued Pete Quezada, an attorney, for breach of contract. Quezada moved for summary judgment, claiming that the alleged contract lacked consideration. The trial court granted his motion. On appeal, CCHC claims that the trial court erred because the contract was supported by adequate consideration. We affirm.

Chaney Alexander was injured in an automobile accident and sought treatment from CCHC. Alexander then retained Quezada to help him obtain compensation for his injuries. CCHC had Alexander sign a document entitled "Contract for Services/Irrevocable Assignment and Limited Power of Attorney." In essence, the contract pro-

vided that CCHC would provide treatment to Alexander without demanding immediate payment for all of its services. Instead, CCHC agreed to be paid by insurance or from the proceeds of any settlement or judgment Alexander obtained. The contract also purported to require Quezada, as Alexander's attorney, to pay charges incurred for chiropractic and medical services provided to Alexander out of any settlement Quezada obtained on Alexander's behalf.[1]

When CCHC discovered that Quezada had negotiated a settlement for Alexander, they demanded that Quezada pay outstanding charges for services provided to Alexander. CCHC did not seek payment from Alexander.

To be valid, a contract must have consideration.[2] Assuming that Quezada agreed to the terms of the contract, it cannot be enforced because it lacks consideration — Quezada obtained no benefit from it. Providing his client with medical treatment without demand for immediate payment for those services is not a benefit to Quezada, who would not otherwise be responsible for his client's medical expenses. Because no benefit flowed from CCHC to Quezada, the contract was not enforceable against him and the trial court did not err in granting Quezada's motion for summary judgment.[3]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 15, 2003.

*John W. Roper*, for appellant.
*Pete Quezada*, pro se.

---

[1] Quezada does not recall ever signing such a document. A copy in the record contains a barely legible signature under Quezada's printed name.

[2] OCGA § 13-3-1.

[3] See *Santiago v. Klosik*, 199 Ga. App. 276, 277-278 (2) (404 SE2d 605) (1991).