A07A1698. FOREMAN v. CHATTOOGA INTERNATIONAL
TECHNOLOGIES, INC.
(658 SE2d 470)

ADAMS, Judge.

Chattooga International Technologies, Inc. ("CIT") filed suit against Everett Foreman on two promissory notes in the amounts of $45,000 and $135,000 plus interest. The parties filed cross-motions for summary judgment, and Foreman appeals the trial court's order granting CIT's motion in part and denying it in part and denying his cross-motion.

On appeal from the grant or denial of summary judgment, this Court conducts a de novo review of the law and the evidence. *Quality Foods v. Smithberg,* 288 Ga. App. 47, 48 (653 SE2d 486) (2007). "We view the evidence in a light most favorable to the nonmovant in order to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law." (Footnote omitted.) Id.

Viewed in that light, the evidence shows that for three years, Foreman was an independent contractor and consultant for CIT, participating in business operations related to Luzern, Ltd., a trade name owned by CIT. During the last of those three years, Foreman served as executive vice president and general manager for CIT. Foreman came to believe that Luzern could be a viable, independent corporate entity, and he entered into negotiations to purchase the rights to the trade name, in order to "fully develop Luzern's potential." On or about March 7, 2003, Foreman entered into an agreement with CIT to purchase the trade name and certain assets of Luzern. The stated consideration for the bill of sale was ". . . the assumption of certain liabilities incurred by Chattooga International Technologies, Inc. through Luzern, Ltd. . . ." Foreman asserts that this

assumption of liabilities was the only consideration exchanged between CIT and him for his acquisition of Luzern, and that no promissory notes were part of the sale.

That same day, however, Foreman executed two promissory notes in favor of Charles Milford Morgan, Jr., the chief executive officer ("CEO") of CIT. One note provided for payment in the amount of $135,000 and contemplated 154 equal monthly installments of $1,200 each beginning May 7, 2003, with any balance due and owing on April 7, 2009. The second note was in the amount of $45,000 and contemplates one single payment, with interest, on April 7, 2009. Morgan transferred and assigned his interest in these notes to CIT on March 7, 2003, the same day the notes were signed.

Foreman asserts that the promissory notes represented a transaction completely separate from the bill of sale. Both notes indicate that they were given in exchange "for value received," but Foreman asserts that Morgan gave him "nothing of value" at the time he executed the notes. Instead, he contends that the consideration was Morgan's promise to perform future services to assist Foreman "in making Luzern profitable by using his connections in the industry" and by causing CIT to sell services to him at a reduced price. He states that Morgan failed to fulfill these promises and that he never received anything of value from Morgan in exchange for the notes. CIT contends, however, that the promissory notes were consideration for the bill of sale and that the documents were executed as part of one transaction.

After CIT moved for summary judgment on the promissory notes, Foreman filed a cross-motion for summary judgment asserting that there was a failure of consideration for the promissory notes and further that the bill of sale was unrelated to the notes. The trial court found, however, that the promissory notes were given in consideration for the sale of Luzern to Foreman, despite the fact that the notes were made in favor of Morgan, not CIT. Accordingly, the trial court denied Foreman's cross-motion for summary judgment. The court further granted CIT's motion for summary judgment as to the $135,000 note, finding that Foreman was in default on that note as he had made no payments, but the court denied summary judgment as to the $45,000 note, because no payment was due until April 2009. Foreman argues on appeal that the trial court erred in finding as a matter of law that the promissory notes were part of the same transaction as the bill of sale, and in finding that one was consideration for the other. We agree.

As the holder of a valid, signed promissory note, CIT has a prima facie right to payment under the note. *Smith v. Gordon*, 266 Ga. App. 814 (1) (598 SE2d 92) (2004). But CIT's prima facie case is subject to

rebuttal if Foreman can establish his defense of failure of consideration. *Park v. Fortune Partner*, 279 Ga. App. 268, 271 (2) (a) (630 SE2d 871) (2006); *Ochs v. Hoerner*, 235 Ga. App. 735, 736 (510 SE2d 107) (1998) (physical precedent only); *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519, 521 (221 SE2d 691) (1975); OCGA § 13-5-9. "And this is the rule even where[, as here,] the note is under seal or recites that it is given 'for value received.' *Citizens' Bank of Blakely v. Hall*, 179 Ga. 662 (177 SE 496) [(1934)]." *Ochs v. Hoerner*, 235 Ga. App. at 736.

The Foreman notes are both under seal and recite that they are given in exchange "FOR VALUE RECEIVED." This recital is an ambiguity, which, in light of Foreman's defense, requires an inquiry into the actual consideration given for the notes. *Ochs v. Hoerner*, 235 Ga. App. at 736; *Gentile v. Bower*, 222 Ga. App. 736, 739 (1) (477 SE2d 130) (1996). Thus, this ambiguity "permits the admission of parol evidence regarding the existence of consideration. [Cits.]" *Ochs v. Hoerner*, 235 Ga. App. at 736. See also *Beasley v. Paul*, 223 Ga. App. 706, 709 (2) (478 SE2d 899) (1996) (parol evidence is admissible to show failure of consideration).

Looking outside the documents, therefore, we turn to Foreman's affidavit averring that he signed the notes in exchange for Morgan's promise to aid him in making Luzern profitable through use of his business contacts and the sale of services at reduced prices. Foreman also asserts that the sale of Luzern was completely separate, and the only consideration for the sale was Foreman's "assumption of certain liabilities incurred by [CIT] through Luzern, Ltd. . . ." as recited in the bill of sale. Despite this recital in the bill of sale, however, CIT CEO Morgan averred that the promissory notes were executed in consideration for the transfer of Luzern-related assets from CIT to Foreman. These conflicting affidavits create an issue of fact precluding the grant of summary judgment to either party.

Nor can this issue be resolved by merely applying the rules of contract construction. We acknowledge that under Georgia law, contemporaneous agreements entered into by the same parties arising out of the same transaction may be read together to show one contract. *Sofran Peachtree City v. Peachtree City Holdings*, 250 Ga. App. 46, 50 (550 SE2d 429) (2001); *Employers Commercial Union Ins. Co. v. Wrenn*, 132 Ga. App. 287, 288 (2) (208 SE2d 124) (1974). But here, although the notes and bill of sale were signed on the same day, they were not signed by the same parties, and an issue of fact remains as to whether they were signed as part of the same transaction. See *Brogdon v. Pro Futures Bridge Capital Fund*, 260 Ga. App. 521, 523 (1) (580 SE2d 303) (2003) (physical precedent only); *Moran v. NAV Svcs.*, 189 Ga. App. 825, 826 (1) (377 SE2d 909) (1989).

Accordingly, the trial court erred in resolving this factual issue in favor of CIT on summary judgment, as the issue is properly for the jury. We therefore reverse the trial court's grant of summary judgment in part to CIT and affirm the partial denial. We also affirm the denial of Foreman's cross-motion.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Curtis J. Dickinson, Laura M. Barron,* for appellant.
*Albert C. Palmour, Jr.,* for appellee.

