## 61469. OLSON et al. v. CHICAGO TITLE INSURANCE COMPANY.

BIRDSONG, Judge.

Settlement agreement. The appellants H. V. and D. E. Olson together with Ham purchased property in Rockdale County as an investment. The appellee Chicago Title Insurance Co. issued a policy of title insurance to appellants. Shortly after the purchase, an adjoining property owner informed the Olsons and Ham that the appellants were encroaching on his property. Upon being informed of this contention, Chicago Title brought suit against the third party property owner to settle the issue. This suit was brought in Rockdale County. After the passage of seven or eight years, the suit still had not been concluded. In 1978 appellants filed suit against Chicago Title in Fulton County seeking compensatory and punitive damages from Chicago Title asserting that Chicago Title had assured appellants that the Rockdale County suit would be cleared in about 90 days; that the suit was still pending after five years (as of 1978) and that because of the pending litigation appellants had lost two or more sales to their grievous financial damage. Two months after appellants brought the Fulton County suit against Chicago Title, appellee's attorney prepared a quitclaim deed for the adjoining property owner in Rockdale County in which the contesting neighbor agreed to settle his claim by the deeding by appellants of 1/3 of an acre to the neighbor. Chicago Title sent this quitclaim deed together with a settlement agreement to the appellants in September, 1978, along with a check for $1,000. Subsequently in 1979 counsel for Chicago Title entered into further negotiations with counsel for appellants Olson and Ham. Appellants' counsel indicated that the settlement would be satisfactory if, in addition to the quitclaim deed and $1,000, an additional agreement as to another boundary was obtained. This additional agreement was procured.

Appellants Olson and Ham in 1980 attempted to proceed with the Fulton County suit on the breach of the insurance contract alleging the failure to afford appropriate protection to them by

Chicago Title. It is their argument that the settlement agreement (which they do not dispute) pertained to the settlement of the dispute between themselves and the adjoining property owner and the obligation of Chicago Title to defend their title. The payment of the $1,000 was to compensate them for the 1/3 acre they deeded away. They maintained that the settlement had nothing to do with their suit in Fulton County dealing with their damages resulting from the lengthy and negligent delay in disposing of the cloud on their title to the Rockdale County property. Chicago Title moved the trial court for summary judgment alleging an accord and satisfaction and settlement between counsel as to the Fulton County suit. The trial court granted summary judgment to Chicago Title, finding a settlement between the parties as to the Fulton County litigation. Appellants bring this appeal enumerating as error the grant of summary judgment. *Held:*

We note that the settlement negotiations between counsel for the Olsons and Ham and for Chicago Title did not commence until after the Fulton County litigation had been filed. Counsel for Chicago Title then moved to satisfy its obligation to appellants. In its subsequent correspondence with counsel for the Olsons and Ham, Chicago Title suggested that the quitclaim deed, agreement and $1,000 was designed to finally settle the dispute between the adjoining property owners and Chicago Title's responsibility to its insureds. In a subsequent telephone conversation between counsel, counsel for the Olsons and Ham stated that the boundary line agreement and payment previously sent would satisfy the Olsons and Ham and would be accepted in settlement if agreement could be reached as to the other boundary. Subsequently the additional boundary agreement was obtained and forwarded to appellants. Significantly, counsel for appellants Olson and Ham has not disputed this settlement agreement or the contentions advanced by appellee's counsel. Likewise, appellants do not contest the settlement agreement, except to contend that it did not relate to the Fulton County litigation.

Under Georgia law, "[a] definite, certain and unambiguous oral contract of settlement of a pending cause of action is a valid and binding agreement. Where the suit is pending, either of the parties to the case is entitled to a final judgment based on the terms of the agreement of settlement so as to render certain the termination of the case." *Bankers Fid. Life Ins. Co. v. O'Barr,* 108 Ga. App. 220, 222 (132 SE2d 546); *Coggins v. Edmonds,* 209 Ga. 381, 383 (2) (73 SE2d 199).

Because appellants do not dispute the settlement agreement, only its intent and applicability to the Fulton County litigation, we consider next the authority of their counsel to enter into binding

agreement on their behalf. It is beyond question that an attorney of record is his client's agent in the prosecution of the legal action. In the absence of express restrictions upon the attorney's authority, his authority is plenary insofar as the court and opposing party is concerned. A settlement agreement entered into by counsel for a party within the scope of his apparent authority, and as agent therefore, binds the party. *Shepherd v. Carlton's Nice Cars,* 149 Ga. App. 749, 750 (256 SE2d 113). See also *Davis v. Davis,* 245 Ga. 233, 235 (264 SE2d 177).

Although the Olsons and Ham now complain that the settlement agreement pertained to another matter, they have not controverted the showing by appellee Chicago Title that *counsel* for each party agreed to settle the Fulton County suit for good and adequate consideration. Appellants are now bound by that settlement. It follows that the trial court did not err in granting summary judgment to Chicago Title. *Smith v. Emory University,* 137 Ga. App. 785 (225 SE2d 63); *Bankers Fid. Life Ins. Co. v. O'Barr,* supra.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1981.

*William E. Zachary, Jr.,* for appellants.
*Jane F. Thorpe, F. Carlton King, Jr.,* for appellee.