65688. OUTLAW et al. v. JOHN R. BARTLETT FOUNDATION.

SHULMAN, Chief Judge.
Appellants, none of whom is a resident of Georgia, are former members or beneficiaries of a trust which was formed in Georgia to own and manage farmlands in Georgia. Georgia was also the situs for the execution of six unsecured promissory notes by the trust in favor of appellee in 1965. Semi-annual interest payments on the notes were made through December 1968 by the trustee, the Citizens and Southern National Bank of Savannah. Presently, the trust is not in existence. In 1981, appellee filed suit against appellants, seeking the unpaid balance of the promissory notes and interest thereon. Appellants' motion to dismiss based on lack of personal jurisdiction was denied and summary judgment in favor of appellee was entered. Appellants now take issue with the orders entered on these motions. We affirm.

1. Appellants maintain that Georgia's Long Arm Statute (OCGA § 9-10-91 (Code Ann. § 24-113.1)) does not authorize a court of this state to exercise personal jurisdiction over these non-resident defendants. According to the statute, "[a] court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts,

omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state . . ." "[J]urisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285). Normally, the negotiation and execution of a contract within the state is a sufficient minimum contact to empower a court of this state to exercise personal jurisdiction over the non-resident party. See *Bosworth v. Cooney,* 156 Ga. App. 274 (1) (274 SE2d 604); *Delta Equities v. Larwin Mtg. Investors,* 133 Ga. App. 382 (211 SE2d 9). However, in the case at bar, the promissory notes were executed in 1965, prior to the effective date of the Long Arm Statute. Inasmuch as that statute cannot be applied retroactively (see *Bauer Intl. Corp. v. Cagles, Inc.,* 225 Ga. 684 (171 SE2d 314)), we must look at appellants' post-1966 Georgia activities to determine if they had sufficient minimum contacts within the state regarding the unsecured promissory notes to enable a court of this state to acquire jurisdiction over them.

The trust's Georgia farm, the operational expenses of which were partially paid with funds received in exchange for the promissory notes in question, continued to function, and the C & S Bank, acting as trustee, continued to make the required interest payments on the notes through 1968. We conclude that the continuing payment of interest on notes executed in Georgia by a Georgia trustee of a Georgia trust operating a Georgia farm, and the breach of the contracts are sufficient minimum contacts to constitute "transacting any business" in Georgia after the effective date of the Georgia Long Arm Statute and enable a court of this state to exercise jurisdiction over appellants. OCGA § 9-10-91 (1) (Code Ann. § 24-113.1); *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145).

Appellants argue that there is not a sufficient minimum contact between them and the State of Georgia, since the payment of interest was "no more than the mechanical and administrative process of carrying out the obligations" of the 1965 contract by "nothing more than a subsidiary or affiliate residing in the state of Georgia." We strongly disagree. In the first place, we conclude that the interest payments evidence the trust's continuous and systematic presence in this state. See *Hollingsworth v. Cunard Line Ltd.,* 152 Ga. App. 509, 514 (263 SE2d 190). Secondly, the C & S Bank, the trustee making the interest payments, was more than a mere resident subsidiary or

affiliate. Compare *Wise v. State Bd. for Exam. &c. of Architects,* 247 Ga. 206 (274 SE2d 544). It was a representative of the trust, and its activities in Georgia on behalf of appellants included more than its mere residency in this state. In sum, the trial court properly exercised personal jurisdiction over appellants.

2. Appellants' remaining enumerations are unsupported in their brief by citation of authority or argument and therefore are deemed abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 22, 1983.

*Luhr G. C. Beckmann, Jr., Edward M. Hughes,* for appellants.
*John G. Lientz, John W. Hendrix, J. Walter Cowart, Leamon R. Holliday III,* for appellee.