69794. MASON et al. v. RABUN WASTE, INC. et al.
(330 SE2d 400)

SOGNIER, Judge.

Rabun Waste, Inc., William O. Bancroft and Barbara A. Bancroft brought a declaratory judgment action against Gene Mason and Geon Enterprises, Inc., then moved for summary judgment on the basis that an oral settlement agreement had been reached between the parties on the declaratory judgment action. The trial court granted summary judgment in favor of Rabun Waste and the Bancrofts. Mason and Geon Enterprises appeal.

1. Appellants contend the trial court erred by granting appellees' motion for summary judgment because genuine issues of material fact remain whether there was a final enforceable settlement agreement between the parties.

" 'An agreement to make and execute a certain written agreement, the terms of which are mutually understood and agreed on, is in all respects as valid and obligatory as the written contract itself would be if executed. If therefore it appears that the minds of the

parties have met, that a proposition for a contract has been made by one party and accepted by the other, that the terms of this contract are in all respects definitely understood and agreed on, and that a part of the mutual understanding is that a written contract embodying these terms shall be drawn and executed by the respective parties, this is an obligatory agreement.' [Cits.]" *Hart v. Doss Rubber &c. Co.*, 32 Ga. App. 314, 317 (2) (123 SE 751) (1924).

Appellants admit that on their behalf their former attorney accepted an oral offer of settlement made by appellees' attorney. Appellants also do not dispute the terms of the accepted offer, including the terms of the various documents the parties agreed to execute under the settlement. Appellants' attorney told appellees' attorney that the offer had been accepted without stating any conditions or contingencies to the acceptance. Nevertheless, appellants now contend that a question of fact exists as to the finality of the agreement because of their attorney's statement that he did not think the settlement would be final until all terms had been reduced to writing. Appellants' attorney's uncommunicated intent that the final agreement would be in writing does not create a question of fact regarding the terms of the contract to which the parties mutually agreed. See generally *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982); *Willingham v. Sterling Cycle Works*, 113 Ga. 953, 954-955 (3) (39 SE 314) (1901).

"Under Georgia law, '[a] definite, certain and unambiguous oral contract of settlement of a pending cause of action is a valid and binding agreement. Where the suit is pending, either of the parties to the case is entitled to a final judgment based on the terms of the agreement of settlement so as to render certain the termination of the case.' [Cits.]" *Olson v. Chicago Title Ins. Co.*, 158 Ga. App. 713, 714 (282 SE2d 184) (1981). We find no question of fact or law that the settlement agreement was final and binding on appellants. Id. *Hart*, supra at 317 (2).

2. Appellants contend that the trial court erred by granting summary judgment to appellees because the settlement agreement was unenforceable as a matter of law. In support of this contention, appellants argue that the terms of the agreement and specifically the terms of a covenant not to compete and the description of collateral under a security instrument to be executed by the parties were uncertain. The settlement agreement involved the sale by appellants to appellees of a waste collection service. Contrary to appellants' contention, the terms of the oral settlement in which appellants agreed not to compete with appellees in Rabun County for a period of 48 months following the sale were reasonable and enforceable. See *Dalrymple v. Hagood*, 246 Ga. 235, 236 (271 SE2d 149) (1980). Nor do we find any merit in appellants' argument that the equipment to be secured by a note was

not sufficiently described to be identified by the parties. See OCGA § 11-9-110. We therefore agree with the trial court that the terms of the agreement, including the terms to be contained in the covenant and · security agreement, are definite, certain and enforceable.

Appellants further argue that the settlement violates the Statute of Frauds in that a contract of sale to be executed pursuant to this settlement was required to be in writing. We find no merit in this argument. The settlement agreement itself was not required to be in writing, see *Hart*, supra at 317; *Fulford v. Fulford*, 225 Ga. 9, 17 (165 SE2d 848) (1969), and therefore was fully enforceable. Nor do we find any merit in appellants' remaining argument that appellees were required to tender payments pursuant to a note to be executed under the agreement before seeking judgment on the settlement agreement, in view of the fact that none of the settlement documents, including the note, had been executed because of appellees' refusal to honor the settlement.

Because no question of fact or law exists that the parties entered into a valid, enforceable settlement agreement, the trial court did not err in granting summary judgment to appellees. See *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816 (315 SE2d 11) (1984); *Olson*, supra.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1985.

*John M. Brown*, for appellants.
*Richard D. Tunkle*, for appellees.