A89A0278. POULOS et al. v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION et al.
(385 SE2d 135)

CARLEY, Chief Judge.

Appellant-plaintiffs brought this action, alleging a variety of claims arising from their purchase of certain townhouses. On the morning of trial, the parties reached an oral settlement agreement and this agreement was dictated into the record. However, appellants subsequently moved to have their case against appellee-defendants reset for trial, contending that the oral settlement agreement was unenforceable. The trial court denied the motion, finding that the parties' oral settlement agreement was a valid and binding contract. Appellants appeal from the order of the trial court upholding the

settlement agreement and refusing to reset the case for trial.

1. That the settlement agreement was oral rather than written has no bearing on its enforceability. " 'Under Georgia law, "(a) definite, certain and unambiguous oral contract of settlement of a pending cause of action is a valid and binding agreement. . . ." [Cits.]' [Cit.]" *Mason v. Rabun Waste*, 174 Ga. App. 462, 463 (1) (330 SE2d 400) (1985).

2. As to appellee Brewer, the settlement agreement provided, in relevant part, that he was to bear the cost of making certain repairs to appellants' townhouses, which repair work would be approved by a designated engineer, Charles Sharitz. The agreement further provided only that the repairs were to be performed by a contractor who was "mutually agreeable to the parties" and who would then be approved by Sharitz. There was no agreement expressed as to whether appellee Brewer or appellants would pay Sharitz's fees.

As noted previously, an oral settlement agreement must be *definite, certain and unambiguous. Mason v. Rabun Waste*, supra. "For such an agreement to be binding on the parties it should be clear that it is full and complete, *covers all issues*, and is understood by all litigants concerned." (Emphasis supplied.) *Cross v. Cook*, 147 Ga. App. 695 (1) (250 SE2d 28) (1978). "The consent of the parties being essential to a contract, until each has assented to *all* the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition." (Emphasis supplied.) OCGA § 13-3-2.

The oral settlement agreement provided only that the repairs to appellants' townhouses were to be made by a "mutually agreeable" contractor who would then be approved by Sharitz. "Mutually agreeable" is an entirely subjective standard and the agreement did not otherwise provide any objective criteria for the selection of a contractor. Under the agreement, appellee Brewer could reject any and all contractors who might be nominated by appellants or appellants could reject any and all contractors who might be nominated by appellee Brewer and, in neither event, would such a rejection be considered an actionable breach of contract. Either appellee Brewer or appellants would be entitled to assert that the other's nominated contractor was simply not an "agreeable" selection and there would be no legal basis for enforcing the selection of that contractor as against the non-nominating party. See generally *Stone Mtn. Properties v. Helmer*, 139 Ga. App. 865, 867-868 (1) (229 SE2d 779) (1976); *Gray v. Aiken*, 205 Ga. 649, 651 (1) (54 SE2d 587) (1949). " '[I]f the offer is in any case so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance can not result in an enforceable agreement. . . .' [Cit.]" *Weill v. Brown*, 197 Ga. 328, 332 (29 SE2d 54) (1944). " 'The rule as to certainty is, that the agreement must be so certain and complete that

each party may have an action on it.' [Cits.]" *Wells v. H. W. Lay & Co.*, 78 Ga. App. 364, 368 (2) (50 SE2d 755) (1948). It is clear that, as to the selection of a contractor, the terms of the oral settlement agreement do not evidence the requisite degree of certainty, but show only the agreement of appellee Brewer and appellants that they would, at some future point, come to a mutually agreeable selection of a contractor. " 'If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even [though] the negotiations evidenced a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must still follow that a valid and binding contract was not made as of the earlier date.' [Cit.] 'Unless all the terms and conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect.' [Cits.] 'An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto.' [Cit.]" *Wells v. H. W. Lay & Co.*, supra at 367 (1).

Even though Sharitz's participation in the proposed repair work was clearly essential to the settlement agreement, the agreement likewise did not specify who was to pay his fees for that participation. "A contract is an agreement between two or more parties for the doing or not doing of some *specified* thing." (Emphasis supplied.) OCGA § 13-1-1. " 'Specify' means, 'to mention or name in a specific or explicit manner; to tell or state precisely or in detail.' [Cit.]" *Gray v. Aiken*, supra at 652 (1). This failure of the agreement to specify whether Sharitz' fees were to be paid by appellee Brewer or appellants renders the settlement agreement indefinite and unenforceable. The record clearly shows that appellee Brewer and appellants anticipated future negotiations as to this issue and that no mutual agreement was ever reached.

Since the oral settlement agreement was uncertain, incomplete and unenforceable with regard to the selection of a contractor and the payment of Sharitz's fees, the trial court erred in upholding the settlement agreement as against appellee Brewer and erred, therefore, in refusing to reset the case for trial as against him.

3. Appellants' settlement with appellees Home Federal Savings & Loan Association (Home Federal) and Mews Development Company (Mews) was separate from their settlement with appellee Brewer. Unlike appellants' release of appellee Brewer, the release of appellees Home Federal and Mews was not subject to any future negotiations as to terms. Instead, the record shows that, as to these two appellees, there was no uncertainty or indefiniteness as to their release and that appellants agreed to the immediate and unequivocal dismissal of the case as against them. Accordingly, the trial court did

504

not err in upholding the settlement agreement as against appellees Home Federal and Mews and, therefore, did not err in refusing to reset the case for trial as against them.

4. The order of the trial court is affirmed as to appellees Home Federal and Mews. The order of the trial court is reversed as to appellee Brewer, with direction that the trial court take such further action as may be necessary to effectuate this opinion, including the determination of what portion of any sums previously paid to appellants by appellee Brewer in partial consideration of the unenforceable settlement agreement must now be returned to him. See *Fender v. Hendley*, 196 Ga. 512, 514-515 (26 SE2d 887) (1943).

*Judgment affirmed in part and reversed in part with direction. McMurray, P. J., and Pope, J., concur. Beasley, J., disqualified.*

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 27, 1989 — 

Higgins & Dubner, Michael W. Higgins, Timothy A. Bumann, for appellants.
Hyatt & Rhodes, Frederick D. Evans III, Hishon & Ranney, Robert H. Hishon, Hugh M. Worsham, Jr., King, Morriss, Talansky & Witcher, Joseph H. King, Jr., James W. Lewis, C. Gerald Henderson, for appellees.