[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15741
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-03806-RWS

GEORGE CARLTON DAVIS, III,

Plaintiff-Appellee,

versus

JIM HOLLEY DANIELS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 14, 2016)

Before WILSON, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jim Holley Daniels, Jr., ("Daniels") appeals from a final order of the District Court for the Northern District of Georgia granting summary judgment to Plaintiff-Appellee George Carlton Davis, III, ("Davis") and denying Daniels' motion for reconsideration. Upon review of the record and briefs, we affirm.

## I.  BACKGROUND

Davis's complaint alleges in relevant part that Daniels had breached each of five promissory notes executed between 1997 and 2000 and sought liquidated damages and attorney's fees. On cross motions for summary judgment, the district court granted summary judgment to Davis on the issues of liability and granted partial summary judgment to Davis on the issue of damages. Specifically, while the court found that Davis was entitled to damages and attorney's fees as a matter of law, genuine questions of material fact existed about the calculation of those damages. Accordingly Davis' motion for summary judgment was granted in part and denied in part and Daniels' motion for summary judgment was denied. Davis then filed a motion for reconsideration with respect to the damages portion of the summary judgment order and Daniels filed a motion for reconsideration of the entire order. The district court granted Davis' motion for reconsideration with respect to damages and denied Daniels's motion for reconsideration. The court then granted judgment in the amount of $2,076,325.38 in favor of Davis.

2

On appeal, Daniels argues that the district court erred in granting Davis' motion for summary judgment on liability with respect to three of the notes. Daniels concedes that the remaining two notes are under seal. Daniels also argues that the district court abused its discretion in granting Davis' motion for reconsideration and denying his motion for reconsideration. Upon review of the record and the briefs, we affirm.

## II.  STANDARD OF REVIEW

This Court reviews the grant of a motion for summary judgment *de novo*. Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

This Court reviews the denial of a motion for reconsideration for an abuse of discretion. Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

### A.    Summary Judgment Order

#### 1. Statute of Limitations

Daniels' first argument is that the district court erred in the summary judgment order in holding that there was no genuine question of fact that Notes 1, 3, and 4 were executed under seal. Under Georgia law, actions on written contracts are generally governed by the six-year period of limitations of OCGA § 9-3-24. In contrast, contracts under seal are governed by the 20-year period of limitations of OCGA § 9-3-23. Because the claim was brought more than six years after the right of action accrued, the parties agree that Davis' claim is barred if the Notes were not executed under seal

Under Georgia law, "to constitute a sealed instrument, 'there must be both a recital in the body of the instrument of an intention to use a seal and the affixing of the seal or scroll after the signature.'" McCalla v. Stuckey, 504 S.E.2d 269, 270 (Ga. Ct. App. 1998) (quoting Chastain v. L. Moss Music Co., 64 S.E.2d 205 (Ga. Ct. App. 1951)). "'Words traced with a pen, or stamped, printed, or made legible by any other device whereby such act is for the purpose of putting down a [person's] name at the end of an instrument to attest its validity, and is adopted by the party whose name is so signed, is a sufficient signature and signing of the instrument to which it is signed.'" Davis v. Harpagon Co., LLC, 637 S.E.2d 1, 2–3

4

(Ga. 2006) (quoting <u>Bank of Ringgold v. Poarch</u>, 117 S.E. 114 (Ga. Ct. App. 1923)).

In the instant case, it is undisputed that all of the Notes contain both a recital in the body of the instrument of an intention to use a seal, the affixing of a seal, and Daniels' signature. Daniels' only argument is that on Notes 1, 3, and 4, his cursive signature appears roughly two inches to the left of the word SEAL rather than immediately adjacent to it, and that he has written his name in block print rather than cursive immediately next to the word SEAL. According to Daniels, the location of the cursive signature relative to the word SEAL raises a genuine question of fact as to whether the seal is affixed "after the signature." We disagree. Whether or not the cursive writing suffices for the purpose of the sealing requirement, it is clear under Georgia law that the printed writing immediately adjacent to the word SEAL constitutes a signature and thereby satisfies the seal requirements.

2. Consideration

Daniels next argues that the district court erred "in reversing its initial Order and finding that no material facts exist with respect to Daniels' defense of lack of consideration" for Note 5.[1] On its face, this argument, which appears to challenge the district court's order on cross motions for reconsideration, is difficult to

---

[1] These arguments have been re-ordered for the purposes of logical consistency and flow.

5

understand. The consideration issue was decided in favor of Davis on summary judgment and the order on cross motions for reconsideration denied Daniels' motion for reconsideration with respect to that part of the summary judgment order. The motion for reconsideration did not "reverse" the summary judgment order with respect to this issue. Therefore, we construe this argument as a challenge to the summary judgment order.

Under Georgia law, a plaintiff in a suit to enforce a promissory note "establishes a prima facie case by producing the note and showing that it was executed." Trendmark Homes, Inc. v. Bank of N. Ga., 726 S.E.2d 138, 139 (Ga. Ct. App. 2012). "Once a holder of a promissory note establishes prima facie right to judgment as a matter of law, as would support holder's motion for summary judgment in action on note, burden then shifts to the obligor to establish an affirmative defense to the claim, such as the lack of consideration." Han v. Han, 670 S.E.2d 842 (Ga. Ct. App. 2008). "A contract under seal raises a prima facie presumption of consideration, which is rebuttable." Autrey v. UAP/GA AG Chem, Inc., 497 S.E.2d 402, 405 (Ga. Ct. App. 1998).

Daniels argues that there is a genuine question of fact as to consideration because "neither party has been able to produce a single check showing that consideration was given for Note 5" and because Daniels' responses to Davis' Request for Admissions denied receiving the $281,000 from Davis. We disagree.

6

Daniels has not satisfied his burden of adducing evidence sufficient to create a genuine question of material fact as to consideration.

**B.    Motion to Reconsider**

<u>1. Accord and Satisfaction</u>

Daniels' next argument is that the district court erred in "reversing its initial Order and finding that no material facts exist with respect to the apparent consolidation of Notes 1, 2, 3, and 4." On its face, this argument is difficult to understand. Daniels first raised the consolidation argument in his motion for reconsideration. Because Daniels did not raise this defense at the summary judgment stage, the district court did not address it in the summary judgment order. Accordingly, the district court's denial of Daniels' motion to reconsider did not "reverse" its initial Order. Instead, the district court held that it was abandoned.

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555 F.3d  949, 957 (11th Cir. 2009) (citation omitted). "A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion." <u>Id.</u> "Denial of a motion to amend is especially soundly exercised when a party gives no reason for not previously raising an issue." <u>Id.</u> (quotation marks and citation omitted).

7

Daniels gives no reason for his failure to previously raise the consolidation argument at the summary judgment stage. Nor do we believe that the district court abused its discretion in declining to entertain this argument at the motion to reconsider stage.

In any event, Daniels' consolidation argument lacked merit. As discussed above, under Georgia law, a plaintiff in a suit to enforce a promissory note "establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Trendmark Homes, 726 S.E.2d at 139. One such defense is accord and satisfaction. "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." O.C.G.A. § 13-4-101. "Under Georgia law, an accord and satisfaction is a contract which, like other contracts, requires a 'meeting of the minds.'" ADP-Financial Computer Services, Inc. v. First Nat. Bank of Cobb County, 703 F.2d 1261, 1266 (11th Cir. 1983) (citing Myers v. American Finance System of Decatur, Inc., 615 F.2d 368 (5th Cir. 1980)[2]).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

Daniels argues that the grant of summary judgment to Davis on the issue of liability was error because there is a genuine question of fact as to whether the parties released the debt obligations in Notes 1, 2, 3, and 4 by accord and satisfaction and whether Note 5 is a "consolidation" of the earlier four notes. Specifically, Daniels points to two pieces of record evidence: (1) the handwritten words "Note Update" in the "Date of Transaction" field of Note 5 and (2) deposition testimony from Daniels that he received only "about $300,000" in total consideration from Davis. Because the face value of Note 5 was $281,000, Daniels claims that there is a fact issue as to whether Note 5 was a consolidation of the Notes 1, 2, 3, and 4. We disagree. While it is not entirely clear what the words "Note Update" mean, the record does not contain sufficient evidence such that a reasonable trier of fact could find that Notes 1, 2, 3, and 4 were released through accord and satisfaction. Moreover, the signed and sealed note recites that Daniels received $281,000 as an "amount given to me directly."

For the foregoing reasons, the district court did not abuse its discretion in declining to consider this argument below.

### 2. Calculation of Liquidated Damages

Daniels next argues that the district court abused its discretion in granting Davis' motion to reconsider the damages portion of the summary judgment order because there were genuine questions of fact about whether Davis had credited

9

certain payments made by Daniels to the interest accrued on the principal value of the Notes.

A motion for reconsideration is only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

Daniels argues that the district court abused its discretion because none of the three grounds for granting a motion for reconsideration existed. We disagree. The order on motion for reconsideration recognizes that the summary judgment order "clearly erred" with regard to its finding that it was impossible to calculate the exact amount of liquidated damages due to the insufficiency of evidence about whether Davis had credited certain payments made by Daniels to the interest accrued on the principal value of the Notes. As Davis pointed out in his motion for reconsideration, Daniels' response to Davis' statement of material fact admits that Davis properly credited the payments at issue to the outstanding interest. Accordingly, there was no genuine question of fact that Davis credited the payments made by Daniels to the interest accrued on the principal value of the Notes. The district court correctly recognized its earlier clear error and did not abuse its discretion in granting Davis' motion to reconsider the damages portion of the summary judgment order.

10

3. Calculation of Interest and Attorney's Fees

Daniels' final argument is that the district court abused its discretion "in reversing its initial Order and finding that no material facts exist with respect to the calculation of interest and attorneys' fees." But Daniels offers no argument—beyond a reiteration of his claims about lack of consideration and accord and satisfaction—as to why the district court's express conclusion that it "clearly erred" with regard to its earlier finding that it was impossible to calculate the exact amount of liquidated damages was an abuse of discretion. Accordingly, we cannot conclude that the district court abused its discretion.

## IV. CONCLUSION

For the foregoing reasons, the district court's orders granting Davis' motion for summary judgment and motion to reconsider and denying Daniels' motion for summary judgment and motion to reconsider are affirmed.

AFFIRMED.

11