## A00A0650. LONG v. BEACH.
(529 SE2d 901)

PHIPPS, Judge.

Long brought this action against her son, Beach, alleging that he refused to repay $70,000 that she had lent him as a down payment on a home. Finding that when the home was purchased, the parties executed a "gift letter" stating that Beach was under no obligation to repay the money, the trial court granted summary judgment in his favor. Long testified that the gift letter was signed to satisfy a requirement imposed by the mortgage company and that the oral understanding between her and Beach was that he would repay the money upon sale of the house, which has now occurred. She claims that Beach also admitted in an earlier proceeding that he owed her the money. Contending that there are material issues of fact, Long appeals the grant of summary judgment to Beach.

The question is whether the parties intended the money transfer to be a gift or a loan. It is undisputed that the transaction was memo-

rialized in the "gift letter," which was signed by both parties. The rule is that

> where parties reduce their agreement to writing, all oral negotiations antecedent thereto or contemporaneous therewith are merged into, terminated, and extinguished by the writing, and parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.[1]

Consequently, any prior or contemporaneous oral agreement that the money was a loan rather than a gift would not be admissible to contradict the letter.

In the testimony given by Beach in the earlier proceeding, he merely pondered whether he should give the money to his mother in the interest of family harmony. That did not constitute an admission that he had agreed to repay the money. And even if it did, the parol evidence rule, cited above, would render the agreement unenforceable if it was entered into before or contemporaneous with execution of the written instrument. Any agreement to repay entered into afterward would not be enforceable in this case, as there has been no showing of any consideration in support thereof.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 21, 2000.

*Byrne & Counts, Michael T. Byrne, Gregg P. Counts*, for appellant.
*William R. Ashe*, for appellee.

---

[1] *Ryder v. Schreeder*, 224 Ga. 382, 385 (2) (162 SE2d 375) (1968), disapproved on other grounds, *Burnette Ford, Inc. v. Hayes*, 124 Ga. App. 65, 66-67 (1) (183 SE2d 78) (1971).