## A01A0511. PARKER v. COOK.
### (548 SE2d 387)

BARNES, Judge.

E. E. Parker appeals the trial court's grant of summary judgment to Ruby Cook on a promissory note, arguing that the underlying principal was a gift, not a loan. Because the trial court did not err in concluding that the note was unambiguous and not susceptible to interpretation through parol evidence, we affirm the grant of summary judgment.

Cook gave Parker two checks, one for $35,000 on March 13, 1990, and another for $45,000 on April 4, 1990. On April 11, 1990, Parker signed a promissory note, agreeing to pay interest from March 16, 1990, at nine percent interest per year, with the sum of $86,000 principal and interest due January 16, 1991. On January 26, 1999, Cook's attorney made a demand to Parker for the principal and interest to

date, noting that attorney fees would be due unless the total was paid within ten days. Parker did not pay, Cook filed suit and moved for summary judgment, and the trial court granted judgment to Cook for $80,000 principal, $75,070.75 interest, $23,260.63 attorney fees, and post-judgment interest pursuant to OCGA § 7-4-12.

On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998); *Lane v. Spragg*, 224 Ga. App. 606 (481 SE2d 592) (1997).

Parker argues on appeal that the $80,000 Cook gave him was a gift and that Cook then told him she wanted some "paper" to show that she no longer had the money. In his affidavit in response to Cook's summary judgment motion, he further explained that Cook told him the promissory note would not ever amount to anything. Parker states that Cook told him, "It's just in case the income tax people want to know."

However, "[w]here a written contract is plain and unambiguous, it is the only evidence of what the parties intended and understood by it." (Citations and punctuation omitted.) *Security Trust &c. Assn. v. Gill Sav. Assn.*, 197 Ga. App. 242, 245 (398 SE2d 382) (1990). "[I]n the absence of fraud, accident or mistake, parol evidence cannot be considered to alter or vary the terms of a promissory note." (Citation and punctuation omitted.) *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 504 (1) (497 SE2d 269) (1998). Further,

> where parties reduce their agreement to writing, all oral negotiations antecedent thereto or contemporaneous therewith are merged into, terminated, and extinguished by the writing, and parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

(Footnote omitted.) *Long v. Beach*, 242 Ga. App. 448, 449 (529 SE2d 901) (2000).

The promissory note at issue here is not ambiguous, and Parker's representations regarding Cook's intent before he signed the contract are inadmissible to vary its terms. The trial court did not err in granting summary judgment to Cook.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 14, 2001.

*Nelson, Gillis & Smith, James F. Nelson, Jr., Donald W. Gillis,*

*James S. Smith, Jr.*, for appellant.
*Johnny W. Warren*, for appellee.