## A01A1877. HEATH et al. v. BOSTON CAPITAL CORPORATE TAX CREDIT FUND VIII.
### (559 SE2d 743)

ELLINGTON, Judge.

The Superior Court of Houston County granted summary judgment to Boston Capital Corporate Tax Credit Fund VIII ("Boston Capital") on its complaint to collect on a personal guaranty agreement signed by Miller L. Heath, Jr. and Miller L. Heath III. The court entered judgment against the Heaths in the principal amount of $952,395.29, plus interest and attorney fees. Finding no reversible error, we affirm.

Viewed in the light most favorable to the Heaths, the record reveals the following relevant facts. In February 1997, the Heaths, through a limited partnership, began developing a low-income housing project in Warner Robins. The Heaths were members of the general partnership, Ignico Developers, LLC. Boston Capital was the primary limited partner in the limited partnership, Rosewood Partners, L.P. ("Rosewood"). Pursuant to the partnership agreement which created Rosewood, Boston Capital provided 99 percent of the partnership's funding. To induce Boston Capital's investment in the project, the Heaths executed a personal guaranty in favor of Boston Capital in which they unconditionally guaranteed repayment of their obligations under the partnership agreement.

Boston Capital was conditionally obligated to invest $1,340,957 in the Rosewood Project. The investment was contingent upon the project qualifying for certain federal tax credits, 99 percent of which would be allocated to Boston Capital. To induce Boston Capital's participation, the Heaths certified that the project qualified for those tax credits. Upon execution of the partnership agreement, Boston Capital invested $809,536 in the project. Boston Capital reserved the right to characterize $469,531 of that investment as an interim loan for tax purposes and did, in fact, draft loan documents for that amount. A few months after making this initial investment, Boston Capital discovered that the promised tax credits would not be available.

On January 26, 2000, Rosewood filed for Chapter 11 bankruptcy protection. The Heaths admit the project "was a disaster." Contrary to their assertion, however, there is no evidence that the project's ineligibility for the tax credits caused its financial problems. The record indicates that competition from other low-income housing developments may have contributed to the project's inability to meet its obligations. Before Boston Capital would give the requisite consent for Rosewood to file a bankruptcy petition, it required Ignico to execute an amendment to the partnership agreement changing the project's management. It also revised "Schedule A," listing the

amount of its paid-in capital contribution as $809,536. At the same time the Heaths executed the amendment, they executed a document that reconfirmed and ratified their personal guaranty to include this amendment.

Boston Capital notified Ignico and the Heaths by letters dated March 29, 2000, that Ignico was in default under the partnership agreement and that Boston Capital was exercising its right under the partnership agreement to require Ignico to repurchase its interest and exercising its right under the guaranty agreement to require the Heaths to pay the outstanding amount due. Shortly thereafter, Boston Capital filed this suit against the Heaths on their personal guaranty.

1. In their first four enumerations of error, the Heaths contend the trial court erred in determining the amount owed under the guaranty. The Heaths implicitly concede they were personally liable for the original "paid in cash capital contribution" of $340,005. They argue, however, that the court erroneously considered the $469,531 in loan proceeds as part of Boston Capital's equity investment. We disagree.

To prevail on summary judgment, Boston Capital was required to demonstrate that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. *Duke v. KHD Deutz of America Corp.*, 221 Ga. App. 452 (471 SE2d 537) (1996). Once it made a prima facie showing of entitlement to judgment as a matter of law, the burden shifted to the Heaths to come forward with evidence establishing a defense. Id.; *Braswell v. Bank of Early*, 229 Ga. App. 445, 447 (494 SE2d 277) (1997). In a suit on a note, "when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." (Citation, punctuation and footnote omitted.) *Braswell v. Bank of Early*, 229 Ga. App. at 447. There is no dispute that the Heaths signed the guaranty. Boston Capital, therefore, established a prima facie right to a recovery, shifting the burden to the Heaths to establish a valid defense. The Heaths' defense that the repurchase amount excludes the amounts initially loaned, however, would require the introduction of parol evidence to controvert the fact that the amended partnership agreement plainly lists Boston Capital's "Paid-In Capital Contribution" as "$809,536." Such parol evidence would be admissible only to explain an ambiguity in the guaranty that could not be resolved by the applicable rules of contract construction. *Sharple v. AirTouch Cellular &c.*, 250 Ga. App. 216, 218 (551 SE2d 87) (2001); *Nobel Lodging v. Holiday Hospitality Franchising*, 249 Ga. App. 497, 498-499 (1) (548 SE2d 481) (2001). See also OCGA §§ 13-2-2 (1); 24-6-1; 24-6-3 (b).

The partnership agreement states that upon the occurrence of

any "repurchase event," Ignico shall buy back the interests of Boston Capital by paying the "repurchase amount." In the contemporaneously executed guaranty agreement, the Heaths "unconditionally and irrevocably" guaranteed to pay when due "each and every obligation" of Ignico including without limitation Ignico's "obligation to repurchase the interest of [Boston Capital] pursuant to the terms of Section 5.2 of the Partnership Agreement." The "repurchase amount" is defined in that section as

> an amount in cash (the "Repurchase Amount") equal to each such Partner's Invested Amount minus the portion, if any, of such Partner's Capital Contribution which shall not have yet been paid (or deemed to have been paid) to the Partnership plus the amount of any third-party costs, including, without limitation, attorney's fees incurred by or behalf of such partner. . . .

Boston Capital's "Invested Amount" is defined as "an amount equal to the Capital Contribution . . . divided by 0.85." "Capital Contribution" means the "total of cash or property contributed and agreed to be contributed to the Partnership by each Partner, as set forth in Schedule A." Amended Schedule A states that Boston Capital invested "$809,536" in the project as a "Paid-In Capital Contribution." This language is unambiguous. The Heaths, experienced businessmen who were represented by counsel when they signed these documents, cannot now attempt to modify the plain meaning of their contracts with parol evidence. See *Nobel Lodging v. Holiday Hospitality Franchising*, 249 Ga. App. at 498-499. Because the evidence does not raise a material issue of fact with respect to the amount due, the trial court did not err in finding for Boston Capital as a matter of law. See id.

2. In their final enumeration of error, the Heaths argue that the trial court erred in granting Boston Capital's motion for summary judgment because the "underlying transaction giving rise" to the guaranty agreement was void "due to mutual mistake of the parties concerning the availability of certain tax credits." The Heaths, however, expressly waived in their guaranty agreement any defense of Ignico's that they may have shared and raised with respect to the validity or enforceability of the underlying partnership agreement or any of the ancillary project documents. Consequently, Boston Capital was entitled to summary judgment on this defense. *Baby Days v. Bank of Adairsville*, 218 Ga. App. 752, 755-756 (3) (463 SE2d 171) (1995).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 31, 2002.

*Clarke & Moore, H. David Moore, Lisa R. Coody, James C. Marshall*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Jeffrey W. Kelley, Shannon L. Nagle, Christopher E. Reeves*, for appellee.