A07A0041. HAWKINS et al. v. NATIONAL CITY MORTGAGE COMPANY.

(649 SE2d 769)

BERNES, Judge.

In this action to recover on a promissory note, defendants Walter L. and Carol H. Hawkins appeal the trial court's grant of summary judgment to plaintiff National City Mortgage Company d/b/a Commonwealth United Mortgage Company ("NCM"). For the reasons that follow, we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). So viewed, the record shows that the Hawkinses executed two promissory notes and two security deeds in favor of NCM. The first note, a thirty-year purchase money note in the principal amount of $99,412 was executed in 1997 and the second note, a six-month Equity Bridge loan in the amount of $29,895, was executed in 2001.[1] Both promissory notes were secured by certain real property owned by the Hawkinses.

The Hawkinses subsequently defaulted on both notes. A principal balance of $95,187.66 remained outstanding on the first note. NCM consequently foreclosed upon the Hawkinses' property in accordance with the terms of the first security deed. The property was sold to the highest bidder at the foreclosure sale for $104,208.36. Because the proceeds derived from the foreclosure sale did not satisfy the debt owed under the second note, NCM filed the instant lawsuit seeking recovery upon the second note.

1. The Hawkinses contend that the trial court erred in granting summary judgment in favor of NCM. They argue that NCM should have applied the surplus from the foreclosure sale under the first security deed to the second note and further that NCM's foreclosure upon the property extinguished the debt obligation under the second note. We disagree.

Although the *unpaid principal balance* owed on the first note amounted to $95,187.66 and the foreclosure sale yielded $104,208.36,

---

[1] In April 2002, the maturity date on the second note was extended for another six months.

the record does not establish that the foreclosure sale yielded a surplus. The *unpaid principal balance* of $95,187.66 did not include collectible interest, costs, and attorney fees incurred as a result of the foreclosure sale, and the record does not otherwise reflect the total amount of these additional costs. Moreover, the instant lawsuit did not involve an action to collect a surplus on behalf of the Hawkinses, or a deficiency on behalf of NCM. Rather, NCM brought this lawsuit to recover on the second note as an independent, unsecured debt. Thus, the relevant inquiry is whether NCM is entitled to collect from the Hawkinses the amounts due under the separate and distinct second note following foreclosure under the first note and security deed.

That inquiry is controlled by *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747, 747-748 (1) (426 SE2d 645) (1992). The *Devin Lamplighter* case involved a creditor who, like NCM, held "*two* separate debts, evidenced by *two* separate notes and secured by *two* separate security deeds." (Emphasis in original.) Id. at 748 (1). In *Devin Lamplighter*, after the borrower defaulted, the creditor foreclosed upon only one security deed and thereafter instituted a lawsuit to collect upon the remaining independent and separate second note. Under these circumstances, we held that the debt at issue was not the deficiency remaining from the foreclosure sale on the first deed to secure debt, but were "two separate debts." Id. Foreclosure under the first security deed did not extinguish the debt which was secured by the second security deed. The foreclosure merely extinguished the *second security deed* and rendered the *debt* under the second note an unsecured obligation. Id. We hold similarly in this case. Once foreclosure occurred, the second note became an unsecured debt upon which NCM was entitled to sue.

2. The Hawkinses also argue that the trial court erred in granting NCM's request for accrued interest dating back to January 1, 2002. They contend that in February 2002, the parties executed a modification agreement to extend the loan maturity date on the second note and that in accordance with this agreement, they paid NCM $946.96 as interest accruing before February 20, 2002.

Construing the evidence in the light most favorable to the appellant nonmovants, *Matjoulis*, 226 Ga. App. 459 (1), we agree that an unresolved question of fact exists as to whether NCM was entitled to an award of interest for the period before February 20, 2002. The record shows that on February 20, 2002, NCM's representative sent correspondence to the Hawkinses notifying them that they could obtain a six-month extension of the loan's original maturity date by paying accrued interest in the amount of $946.96 and an extension fee of $500. Thereafter, on April 5, 2002, NCM's representative sent another letter to the Hawkinses enclosing the extension agreement

for their execution and requesting that it be returned along with the $500 extension fee. The record further contains the parties' executed agreement, entitled "Modification of Note and Mortgage," which extended the loan's original maturity date from April 5, 2002 to October 1, 2002. The modification agreement expressly acknowledged the receipt of "good and valuable consideration" supporting its terms.

While the Hawkinses contend that they previously paid NCM $946.96 as accrued interest in accordance with NCM's correspondence and the modification agreement, NCM claims that it is entitled to interest accruing from January 1, 2002. Based upon the evidence, a question of fact exists as to NCM's entitlement to an award of accrued interest dating from the period of January 1, 2002 to February 20, 2002. Therefore, we reverse the trial court's grant of summary judgment on the issue of interest due to NCM for this time period.

3. The Hawkinses have failed to provide supporting citation of authority or argument for their remaining claims of error. Thus, those errors are deemed abandoned. See Court of Appeals Rule 25 (c) (2); *Caring Hands v. Ga. Dept. of Human Resources*, 222 Ga. App. 608, 609-610 (2) (475 SE2d 660) (1996).

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 5, 2007 —
RECONSIDERATION DENIED JULY 23, 2007 — 

Walter L. Hawkins, *pro se.*
Carol H. Hawkins, *pro se.*
*Morris, Schneider & Prior, Erika M. Scott*, for appellee.