## A09A0591. SMITH v. THIGPEN.
### (680 SE2d 604)

MILLER, Chief Judge.

In this action to recover on a promissory note (the "Note"), plaintiff John R. Thigpen, Sr., sued defendant Charles W. Smith, seeking principal, interest, attorney fees and costs thereon. Smith answered denying any indebtedness to Thigpen, and filed a third-party complaint and cross-claim against Frank Tanner, a certified public accountant, asserting Tanner's liability for any amount for which he might be liable to Smith under the promissory note. Smith appeals from the trial court's grant of summary judgment in favor of Thigpen, contending that genuine issues of material fact remain as to whether the Note fails for lack of consideration and whether it was issued in payment of an antecedent debt. Discerning no error, we affirm.[1]

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Hawkins v. Nat. City Mtg. Co.*, 286 Ga. App. 716 (649 SE2d 769) (2007). So viewed, the evidence shows that Thigpen, doing business as J&V Investments ("J&V"), and TNT Adventures ("TNT"), a Georgia partnership, loaned money to Heartland Building Systems, LLC ("Heartland"), a modular home manufacturer. These loans were evidenced by the assignment of 158 accounts receivable for Heartland floor plans to J&V and TNT ("Floor Plan Note(s)")[2] bearing the signatures of Smith and Tanner purporting to personally guarantee each as 50% interest owners in Heartland. Although some of these loans plus interest were paid periodically, by July 2006, the remainder due totaled approximately $522,000.

Because the amount owing on the foregoing loans to Heartland was of concern to Thigpen, Smith and Tanner executed the Note payable to Thigpen's order in the amount of $500,000. The Note, given "FOR VALUE RECEIVED" and secured by a pledge of Tanner's stock to Thigpen, made the interest and principal thereon

---

[1] Thigpen's motion for damages for frivolous appeal has been read and considered and is hereby denied.

[2] Heartland attached a copy of its contract on each house and the applicable invoice to each Floor Plan Note.

payable in full on July 28, 2006. Heartland's remaining indebtedness of $22,000 was left as secured by a Floor Plan Note to TNT. Interest payments were made on the Note totaling $30,000. These stopped, however, as of August 21, 2007, and when the Note became due in full, Thigpen filed the underlying lawsuit.

Smith argues that summary judgment in favor of Thigpen was error because genuine issues of material fact exist to whether the Note is unenforceable for lack of consideration. He argues that "no money consideration changed hands or was provided for [his] signature [on] the Note" and that the Note did not evidence that it was given in payment of an antecedent debt. Finding no jury question remaining as to the requirement for new consideration upon the issuance of the Note and that the Note was given in payment of an antecedent debt, we disagree.

It is undisputed that Thigpen is the holder of a negotiable instrument. See OCGA § 11-3-104 (a) (2), (3) (in relevant part, defining a negotiable instrument as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: . . . [i]s payable . . . at a definite time[ ] and . . . [d]oes not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . ."). Such an instrument is presumed to be based on a valid and sufficient consideration. *Leiter v. Arnold*, 114 Ga. App. 323 (1) (151 SE2d 175) (1966). No new consideration need be given for an instrument if the instrument is given in payment of, or as security for, an antecedent obligation of any kind. See, e.g., *Deep South Svcs. v. Wade*, 248 Ga. 80, 82 (1) (281 SE2d 561) (1981). An instrument given in "payment of, or as security for, an antecedent claim against any person, whether or not the claim is due[ ]" is given for value. OCGA § 11-3-303 (a) (3). And any instrument given for "value" is also given for consideration. OCGA § 11-3-303 (b).

Because the Note was given "FOR VALUE RECEIVED," parol evidence is admissible to resolve any ambiguity as to the specific nature of the consideration. *Deep South*, supra, 248 Ga. at 81, n. 3. In this regard, Tanner testified by his affidavit that the $500,000 Note was issued and given to Thigpen on July 28, 2006 "in payment of the debt owed by Heartland." Further, Tanner testified that the Note represented Heartland's indebtedness to Thigpen by virtue of its Floor Plan Notes given to J&V and TNT. In unexplained contradictory testimony upon being deposed, Smith corroborated Tanner's testimony but, without explanation, otherwise attributed the indebtedness owing to Tanner alone. A party's contradictory testimony is to be construed against him on a motion for summary judgment unless a reasonable explanation for the contradiction is

offered. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). The Note was thus issued for value "as payment of . . . an antecedent claim" within the meaning of OCGA § 11-3-303 (a) (3). Consequently, no new consideration needed to pass between Smith and Thigpen at the time Smith executed the Note to ensure its validity. OCGA § 11-3-303 (b).

Given the foregoing, Smith's claim of lack of consideration fails as a matter of law, and his claims that jury questions remain as to whether the Note was issued in payment for an antecedent debt are without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 26, 2009.

*Ellis, Painter, Ratterree & Adams, Sarah B. Akins*, for appellant.
*Adams & Brooks, James K. Brooks, Douglas L. Gibson, Adam Ferrell, Kenneth A. Taft*, for appellee.