**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 19, 2013**

# In the Court of Appeals of Georgia

A12A1728. NASH et al. v. TOWNSHIP INVESTMENTS, LLC.

MCFADDEN, Judge.

Township Investments, LLC brought an action on a promissory note executed by Norman Nash and Norris Nash. The parties filed cross-motions for summary judgment, and in the order on appeal the trial court granted summary judgment to Township and denied summary judgment to the Nashes. Because there exist genuine issues of material fact about whether the Nashes received consideration for the note, summary judgment is not appropriate in this case. Accordingly, we reverse the grant of summary judgment to Township. The Nashes have not asserted as error the trial court's denial of their cross-motion for summary judgment, and we affirm that portion of the trial court's order.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Citation omitted.) *Spectera, Inc. v. Wilson*, 317 Ga. App. 64, 66 (730 SE2d 699) (2012).

So viewed, the evidence shows that, in 2005, Township loaned $475,151.93 to Metropolitan Land Development and Investment Corporation. Norman Nash, in his capacity as Metropolitan's Chief Executive Officer, executed a promissory note to Township for this amount, and he also signed a personal guaranty of that indebtedness. The 2005 note was renewed several times over the following years, and in each instance Norman Nash personally guaranteed Metropolitan's indebtedness to Township. By September 2008, Metropolitan's indebtedness to Township exceeded $670,000.

On September 8, 2008, Norman Nash and Norris Nash signed the document at issue in this case. Titled a "Promissory Note," it pertinently provided:

> For value received, the undersigned Norman J. Nash and Norris J. Nash (the "Borrowers") jointly and severally promise to pay to the order of Township Investments, LLC (the "Lender") the sum of Four Hundred Seventy Eight Thousand, Eight Hundred Dollars ($478,800.00) together with interest from September 8, 2008 on the unpaid principal at the rate of Eight Percent (8%) per annum, compounded monthly.

The note also included terms concerning, among other things, payment and renewal. The Nashes defaulted on the note, leading to this action. This action was based on the obligation set forth in the note from the Nashes to Township, and not on the antecedent obligations of Metropolitan that Norman Nash had personally guaranteed.

Although the Nashes acknowledge signing the note and agree that Township has presented a true and correct copy of it in this action, they argue that, notwithstanding its terms, it does not evidence an indebtedness but merely memorializes the parties' various business dealings. However, by signing the note, the Nashes unconditionally contracted with Township to pay the note according to its terms, *Lovell v. Georgia Trust Bank*, ___ Ga. App. ___, ___ (2) (734 SE2d 847) (2012), and those terms cannot be modified by parol evidence. See OCGA § 13-2-2 (1) ("Parol evidence is inadmissible to add to, take from, or vary a written contract."). "A plaintiff seeking to enforce a promissory note establishes a prima facie case by

producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." (Citations and punctuation omitted.) *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791, 795 (1) (b) (709 SE2d 336) (2011). Township has presented a prima facie case for the enforcement of the Note. See *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315 (3) (724 SE2d 33) (2012); *Rodgers v. First Union Nat. Bank*, 220 Ga. App. 821, 822 (1) (470 SE2d 246) (1996).

The Nashes, however, have asserted the defense of lack of consideration. See *Foreman v. Chattooga Intl. Technologies*, 289 Ga. App. 894, 895-896 (658 SE2d 470) (2008) (defense of lack of consideration can rebut prima facie case for judgment on note). Township is not entitled to summary judgment on the note if the Nashes can point to specific facts in the record establishing their affirmative defense. See *Lovell*, __ Ga. App. at __ (3); *Secured Realty & Investments v. Bank of N. Georgia*, 314 Ga. App. 628, 629 (1) (725 SE2d 336) (2012).

The terms of the note do not specify the nature of the consideration that the Nashes received in exchange for executing the note. Cf. *Tyson v. McPhail Properties*, 223 Ga. App. 683, 686 (3) (478 SE2d 467) (1996) (recitation of nominal consideration of $10 in option agreement signed under seal was sufficient as matter

4

of law to support agreement). Instead, the Note states that it was given in exchange "[f]or value received." This recital is an ambiguity that, in light of the Nashes' defense, permits the admission of parol evidence regarding the specific nature of the consideration. See *Smith v. Thigpen*, 298 Ga. App. 572, 573 (680 SE2d 604) (2009); *Foreman*, 289 Ga. App. at 896.

Township's managing member, Gerald Ashworth, deposed that the purpose of the note was to satisfy Metropolitan's outstanding indebtedness to Township and that Township was willing to accept the Note, although it promised payment of a lesser amount than what was owed, because it was executed by Norman Nash and Norris Nash in their individual capacities. He deposed that he discussed this purpose with the Nashes and that they agreed to execute the note. (The record is unclear concerning Norris Nash's relationship with Metropolitan. Ashworth deposed that "Norman Nash and Metropolitan Development [were] one and the same, as well as Norris." He also understood Norris Nash to be involved with the financing of Metropolitan. ) Citing *Smith v. Thigpen*, supra, 298 Ga. App. 572, Township argues that the satisfaction of Metropolitan's antecedent obligation (for which Norman Nash also was personally obligated as guarantor) constituted sufficient consideration for the note executed by the Nashes. See also *Gouldstone v. Life Investors Ins. Co. of America*, 236 Ga. App.

813, 817 (1) (b) (514 SE2d 54) (1999) (finding sufficient consideration where corporate officer, in her individual capacity, cosigned promissory note given in payment of corporation's antecedent obligation).

The Nashes, however, dispute Ashworth's deposition testimony that the note was given to satisfy Metropolitan's antecedent obligation. Norman Nash deposed that he received no value for the note, that he did not "even know what this one[ (the note) was] for," and that Township did not cancel Metropolitan's antecedent obligation. Both of the Nashes also submitted affidavit testimony that they neither "received any money from Township" nor "agreed, either orally or in writing, to assume [the] debt of Metropolitan in exchange for said debt being lowered."

Consequently, a genuine issue of material fact exists as to whether the Nashes executed the note in exchange for the satisfaction of Metropolitan's antecedent obligations to Township. Given this factual dispute, the trial court erred in granting summary judgment to Township on the note, and we reverse that ruling by the trial court. See *Weintraub v. Cobb Bank & Trust Co.*, 249 Ga. 148, 149 (2) (288 SE2d 553) (1982) (grant of summary judgment to plaintiff in action on promissory note was error where defendant proffered evidence of failure or want of consideration sufficient to create genuine issue of fact).

6

*Judgment affirmed in part and reversed in part. Barnes, P. J., concurs.*
*McMillian, J., concurs in the judgment only.*