**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0743. WILLIAMS BROS. LUMBER COMPANY, LLC d/b/a
  HD SUPPLY LUMBER AND BUILDING MATERIALS v.
  PATRICK MALLOY, JR.

MCMILLIAN, Judge.

Defendant Patrick Malloy, Jr. was a homebuilder and real estate developer, who operated his business through a number of entities including Patrick Malloy Communities, LLC ("PMC"). For a number of years, PMC had purchased substantial quantities of lumber and building supplies from plaintiff Williams Bros. Lumber Company, LLC ("Williams Bros.").[1] As economic conditions and the housing market declined during 2007 and 2008, Williams Bros. became concerned about the security

---

[1] Williams Bros. was acquired by HD Supply Lumber and Building Materials in 2005. On February 3, 2008, most of the assets of Williams Bros. were sold to a third party so that at the time at issue in this case, Williams Bros. was no longer conducting business but remained a legal entity possessing a small number of unmarketable accounts.

of the debt owed by PMC and initiated negotiations to obtain the personal guarantee of Malloy on PMC's debt. The negotiations culminated in the execution by Malloy of the promissory note at issue, and in exchange, Williams Bros. wrote down PMC's debt from approximately $700,000 or $800,000 to $350,000. The note, which was executed on May 28, 2008, provided that Malloy would make a payment of $150,000 on or before May 31, 2008, and make monthly payments of $5000, starting in May 2008, with payment of all remaining principal and interest on or before December 31, 2010.

Instead of making payments as set out in the note, Malloy made three payments of $25,000 on June 13, June 27, and July 31 of 2008, and Williams Bros. brought suit, seeking the balance alleged to be due under the note after these partial payments. After a jury trial, judgment was entered on the verdict in favor of Malloy, that is, with Williams Bros. taking nothing. Williams Bros. moved for judgment notwithstanding the verdict, or in the alternative for a new trial. These motions were denied, and Williams Bros. appeals.

A judgment n. o. v. is proper only where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict." (Citation omitted.) *McIntee v. Deramus*, 313

2

Ga. App. 653, 654 (722 SE2d 377) (2012); *Yamaha Motor Corp., U.S.A. v. McTaggart*, 313 Ga. App. 103, 104 (720 SE2d 217) (2011). "In a suit on a note, when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." (Citation and punctuation omitted.) *Heath v. Boston Capital Corporate Tax Credit Fund VIII*, 253 Ga. App. 537, 538 (1) (559 SE2d 743) (2002). See also *Nash v. Township Investments, LLC*, 320 Ga. App. 494, 495 (740 SE2d 236) (2013).

Upon review of the record and construing it in favor of the verdict, we find that Williams Bros. made the required prima facie showing to recover on the note, and there was no evidence supporting a defense. While Malloy testified that there were talks between the parties about renegotiating or superseding the note, there is no evidence of any actual agreement – either contemporaneous and collateral to the note, or subsequently agreed upon. And, in fact, Malloy admitted that no new payment schedule was established and that the parties did not renegotiate the terms of the note. Thus, any plan to renegotiate the note was merely an agreement to agree in the future and not a binding contract to cancel or supersede the promissory note. *Miami Heights LT, LLC v. Home Depot U.S.A., Inc.*, 283 Ga. App. 779, 782 (1) (643 SE2d 1) (2007); *Kreimer v. Kreimer*, 274 Ga. 359, 363 (2) (552 SE2d 826) (2001).

Moreover, even though Malloy testified to conversations that he had with Williams Bros., suggesting that the parties never intended Malloy to make the payments as set out in the note, the parol evidence rule prohibits the consideration of evidence of a prior or contemporaneous oral agreement to alter the payment terms of the note where as is the case here, the terms are unambiguous. See *Heath*, 253 Ga. App. at 538; *Lovell v. Georgia Trust Bank*, 318 Ga. App. 860, 863 (2) (734 SE2d 847) (2012).

Finally, Malloy suggests that there was a new agreement reached as evidenced by the three payments he made of $25,000 each in June and July 2008. While these three payments must be credited against Malloy's obligations under the note, there is no evidence explaining the timing or amount of the payments. Any suggestion that these payments represented partial performance of some new agreement between the parties is nothing more than speculation. And, under the terms of the note, Malloy's "liability . . . shall not be affected . . . by any indulgence, or any partial payments." As a judgment in favor of Williams Bros. was demanded by the evidence, the motion for judgment notwithstanding the verdict should have been granted.

*Judgment reversed. Andrews, P. J., and Dillard, J., concur.*